# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
MANUEL GUDIEL GARCIA, et al.,      )
          )
        Plaintiffs,      )
          )
      v.      )      Civil Action No. 11-527 (RBW)
          )
KATHLEEN SEBELIUS,      )
Secretary of Health and Human Services,   )
et al.,      )
          )
        Defendants.      )
_____)

## MEMORANDUM OPINION

The plaintiffs brought this action under the Alien Tort Statute, 28 U.S.C. § 1350 (2006), and the United States Constitution seeking redress for "non-consensual human medical experimentation that took place in Guatemala from . . . 1946 to 1953, and any subsequent medical testing that lasted beyond 1953 at the hands of American and Guatemalan doctors and government officials . . . who were continuing the initial program."  First Amended Class Action Complaint for Injunctive Relief and Damages ¶¶ 2, 14.  By Memorandum Opinion and Order dated June 13, 2012, the Court granted the defendants' various motions to dismiss and denied the plaintiffs' motion for entry of default judgment as to defendant Mirta Roses.  Garcia v. Sebelius, 867 F. Supp. 2d 125, 129-30 (D.D.C. 2012).  However, the Court "condition[ed] its vacatur of the Clerk's [entry of] default" as to defendant Roses "upon Roses's reimbursement of the plaintiffs' reasonable fees and costs."  Id. at 140.  In a subsequent status report, Roses questioned (for the first time) whether this Court had the authority to impose costs upon her, which led the

Court to order supplemental briefing on this issue.[1]   Upon consideration of the parties'

supplemental briefs,[2] the Court concludes for the following reasons that the Clerk's entry of

default against Roses was void from the outset based on Roses's statutory immunity, and that the

Court therefore erred in attempting to place conditions on its vacatur of the entry of default.

Accordingly, the Court will vacate in part its June 13, 2012 Memorandum Opinion and Order

and strike the Clerk's entry of default from the docket.

 The Court discussed the background of this case at length in its prior opinion and will not

do so again here.   Suffice it to say that the current controversy was generated by the following

passage from the Court's prior opinion:

> The plaintiffs maintain that if the Court decides to vacate the default, Roses
> should be ordered "to reimburse them for mailing and court costs and attorney's
> fees incurred in sending numerous notices and filing for default because of her
> failure to respond."   Pls.' Opp'n to Roses's Mot. at 9.   Roses does not object or
> even respond to this request.   See Roses's Reply at 14-15.   "'In determining
> whether to exercise its discretion to set aside a default, . . . a district court has
> inherent power to impose a reasonable condition on the vacatur in order to avoid
> undue prejudice to the opposing party.'"   Capital Yacht Club v. Vessel AVIVA,
> 228 F.R.D. 389, 395 (D.D.C. 2005) (quoting Powerserve Int'l, Inc. v. Lavi, 239
> F.3d 508, 515-16 (2d Cir. 2001)).   And "[t]he condition most commonly imposed
> is that the defendant reimburse the plaintiff for costs—typically court costs and
> attorney's fees—incurred because of the default."   Thorpe v. Thorpe, 364 F.2d
> 692, 694 (D.C. Cir. 1966).   The Court finds the imposition of this condition
> appropriate here, in view of Roses's initial failure to respond to the Complaint and
> the costs and attorney's fees incurred by the plaintiffs as a result of Roses's
> default.   Thus, the Court will condition its vacatur of the Clerk's default upon

---

[1] On August 13, 2012, the same day the Court ordered supplemental briefing, the plaintiffs appealed the Court's
June 13, 2012 Memorandum Opinion and Order to the District of Columbia Circuit.   The Circuit subsequently
granted the parties' joint motion to hold the case in abeyance pending this Court's resolution of the issues presented
in the parties' supplemental briefs.

[2] The Court considered the following submissions in rendering its decision: Defendant Mirta Roses's Supplemental
Brief in Opposition to the Court's Order on Costs for Default ("Roses's Suppl. Br."); the Plaintiffs' Response to
Defendant Mirta Roses Periago's Supplemental Brief in Opposition to the Court's Order on Costs and Fees for
Default ("Pls.' Opp'n"); and Defendant Mirta Roses's Reply in Support of Her Supplemental Brief in Opposition to
the Court's Order on Costs for Default ("Roses's Reply").

Roses's reimbursement of the plaintiffs' reasonable fees and costs, subject to the
terms set forth in the Order accompanying this Memorandum Opinion.

Garcia, 867 F. Supp. 2d at 140.  The Court then addressed Roses's argument that she was

entitled to immunity under the International Organizations Immunities Act of 1945 ("IOIA"), 22

U.S.C. § 288a(b) (2006).  Id.  Agreeing with Roses's position, the Court held that the IOIA

provided "absolute immunity" to Roses for acts performed in her official capacity as the Director

of the Pan-American Health Organization ("PAHO"), and that this immunity had been neither

limited by the President of the United States nor waived by the PAHO.  See id. at 140-43.  The

Court thus granted dismissal of the plaintiffs' claims against Roses for lack of jurisdiction.  Id. at

144.  Roses now argues that the Court's imposition of costs as a condition of vacating the Clerk's

entry of default is irreconcilable with her immunity under the IOIA.  See Roses's Suppl. Br. 1-2.

In addressing this argument, the Court's analysis must begin with the relevant language

of the IOIA, which provides that

> [i]nternational organizations, their property and their assets, wherever located, and
> by whomsoever held, shall enjoy the same immunity from suit and every form of
> judicial process as is enjoyed by foreign governments, except to the extent that
> such organizations may expressly waive their immunity for the purpose of any
> proceedings or by the terms of any contract.

22 U.S.C. § 288a(b).  As noted, the Court previously ruled that Roses is entitled to absolute

immunity under the IOIA, see Garcia, 867 F. Supp. 2d at 140-43, resulting in her being immune

both "from suit and every form of judicial process," 22 U.S.C. § 288a(b).  It follows from this

ruling that the plaintiffs' attempt to serve Roses with process was ineffective, and the Clerk's

subsequent entry of a default against Roses was void from the outset for lack of jurisdiction.  See

Swarna v. Al-Awadi, 622 F.3d 123, 141 (2d Cir. 2010) ("[T]he question of whether the . . .

defendants are protected by . . . immunity must be answered before the entry of a default

judgment" because "if the . . . defendants were indeed protected by . . . immunity, the District

Court would have lacked jurisdiction to enter a default, much less a default judgment."
(emphasis added)) (collecting cases).  Because the Clerk's entry of default was void from the
outset, the Court erred in attempting to place conditions on its "vacatur" of that entry of default.
Indeed, without a valid entry of default in the first instance, there is nothing for the Court to
vacate.

The plaintiffs resist this conclusion on several grounds, none of which are convincing.
First, they argue that an entity must make an appearance in court to assert immunity under the
IOIA, or else risk an entry of default against it.  Pls.' Opp'n at 3.  In support of this proposition,
the plaintiffs rely chiefly on Steinberg v. Int'l Criminal Police Org., 103 F.R.D. 392, 397 (D.D.C.
1984), in which a former member of this Court sanctioned the defendants for their "persistent
failure to participate in th[e] litigation."  The Steinberg court rejected the defendants' contention
that they were exempt from sanctions on the basis of their immunity under the Foreign Sovereign
Immunities Act ("FSIA"), reasoning that "the FSIA does not afford defendants protection against
sanctions for their flouting of the Federal Rules of Civil Procedure."  Id. at 398.  The court added
that "the proper course for . . . a party" seeking to invoke FSIA immunity "is to respond to the
complaint and appear in court for a prompt judicial determination of the immunity question.  If
the allegedly protected party simply refuses to appear, it runs the risk of a default judgment,
sanctions, or both."  Id.

Whatever the merits of Steinberg's reasoning in the FSIA context, the Court does not find
it persuasive with respect to IOIA immunity.  Nothing in the IOIA requires an individual to make
an appearance in a lawsuit as a prerequisite to invoking immunity under the statute.  Of course, if
an individual claiming IOIA immunity chooses to ignore a lawsuit and the court subsequently
determines that she is not entitled to immunity, that individual would be subject to the entry of a

default against her and the imposition of sanctions.  In other words, the individual would be

taking a gamble by choosing not to appear in the lawsuit.  But that only means that making an

appearance is advisable, not mandatory.  And where, as here, a court has ruled that the defendant

is entitled to IOIA immunity, imposing costs on that defendant based on its failure to make a

court appearance would impermissibly erode the entitlement to immunity.  This is because IOIA

immunity, like sovereign immunity, "'is an immunity from trial and the attendant burdens of

litigation, and not just a defense to liability on the merits.'"  Foremost-McKesson, Inc. v. Islamic

Republic of Iran, 905 F.2d 438, 443 (D.C. Cir. 1990) (citation omitted); see also Inversora

Murten, S.A. v. Energoprojekt Holding Co., No. 03-mc-73, 2004 WL 5582072, at *2 (D.D.C.

Aug. 6, 2004) (IOIA "immunity is immunity from the litigation process, not its result and

conclusion," for "[i]mmunity is cold comfort if, to get it, one would have to spend money and go

to court."), aff'd, 264 F. App'x 13 (D.C. Cir. 2008).  Although the plaintiffs argue that this rule

burdens courts by requiring independent "investigation[s] as to which immunities might apply"

in cases where the defendant does not make an appearance, Pls.' Opp'n at 4, this is a familiar

task in the foreign immunity arena, see, e.g., Verlinden B.V. v. Cent. Bank of Nigeria, 461 U.S.

480, 493 n.20 (1983) ("[E]ven if the foreign state does not enter an appearance to assert an

immunity defense, a District Court still must determine that immunity is unavailable under the

[FSIA].");  Valore v. Islamic Republic of Iran, 700 F. Supp. 2d 52, 67-68 (D.D.C. 2010)

(considering sua sponte the applicability of FSIA immunity where the defendant failed to enter

an appearance).[3]  In any event, the Court was not required to conduct such an independent

inquiry in this case because Roses did eventually make an appearance and assert IOIA immunity

as a defense to the plaintiffs' claims.

---

[3] The Court notes that the above-cited authority contradicts the plaintiffs' argument that a foreign government must appear in a lawsuit to assert FSIA immunity.  See Pls.' Opp'n at 7.

The plaintiffs further contend that the Court has inherent power to impose conditions on its vacatur of the Clerk's entry of default against Roses, regardless of her entitlement to immunity under the IOIA.  Pls.' Opp'n at 9.  However, as explained above, the Clerk's entry of default in this case was void from the outset for lack of jurisdiction, so the Court cannot vacate the entry of default (there being no valid default to vacate), much less can it place conditions on the vacatur.[4]

For the foregoing reasons, the Court's June 13, 2012 Memorandum Opinion and Order is vacated in part, and the Clerk's entry of default is stricken from the docket.

**SO ORDERED** this 29th day of January, 2013.[5]

REGGIE B. WALTON
United States District Judge

---

[4] Roses also argues that IOIA immunity trumps the Court's inherent power to impose costs or sanctions on a party deemed immune under the statute.  <u>See</u> Roses's Suppl. Brief at 2-4.  But the plaintiffs make clear that they are <u>not</u> asking the Court to impose sanctions on Roses; they only want the Court to require her to reimburse the plaintiffs for their fees and costs as a condition of its vacatur of the Clerk's entry of default.  Pls.' Opp'n at 9.  In view of this clarification and the Court's conclusion that the Clerk's entry of default was void from the outset, the Court need not address Roses's argument regarding the Court's general authority to impose costs and sanctions on an individual entitled to IOIA immunity.

[5] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.